UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2012 MAR 30 PM 2:34
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

----------------------------------------X

JOHN WEBSTER and CHRISTOPHER BROOKS,

                Plaintiffs,

         -against-

CITY OF NEW YORK, CESAR VALERIO, Individually,
NOAH MOLINA, Individually, FRANK MAZZOCCHI,
Individually, and JOHN and HANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                Defendants.

12 COMPLAINT 1563

Docket No.

Jury Trial Demanded

ROSS, J.

AZRACK, M.J.

----------------------------------------X

      Plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS, also assert supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JOHN WEBSTER is a twenty-six year old African American man who resides in Islip, New York.

7. Plaintiff and CHRISTOPHER BROOKS is a forty year old African American man who resides in Brooklyn, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named CESAR VALERIO, NOAH MOLINA, FRANK MAZZOCCHI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 1, 2011, at approximately 2:00 a.m., plaintiffs were lawfully inside of 70 Washington Street, Brooklyn, New York, which is a residential apartment building.

14. At the above time and place, plaintiffs were descending in an elevator located therein. Plaintiff WEBSTER'S back was to the elevator doors when the doors opened and a defendant officer, without identifying himself or issuing any commands, grabbed plaintiff WEBSTER from behind, threw him to the floor, and struck his hand with an unknown hard object.

15. Defendant officers then entered the elevator, grabbed plaintiff BROOKS, and threw him face down onto the floor.

16. While plaintiff BROOKS was on the ground, a defendant officer repeatedly banged plaintiff BROOKS' hand on the ground.

17. Defendant officers placed handcuffs on plaintiff WEBSTER and BROOKS' wrists.

18. Defendant officers then dragged plaintiff WEBSTER down the hallway, out of the building, and threw him into a police vehicle.

19. The defendant officers escorted plaintiff BROOKS out of the building and imprisoned him inside of a separate police vehicle.

3

20. The defendant officers transported plaintiffs to the 84th Police Precinct stationhouse and imprisoned plaintiffs therein.

21. The defendants imprisoned plaintiff WEBSTER until January 2, 2011, when plaintiff was arraigned in Kings County Criminal Court on false charges filed under docket numbers 2011RI000131; said charges having been filed based on the false allegations of defendant VALERIO that plaintiff WEBSTER obstructed the arrest of plaintiff BROOKS. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

22. On January 2, 2011, all of the purported charges levied against plaintiff WEBSTER were adjourned in contemplation of dismissal and were subsequently dismissed and sealed in Kings County Criminal Court.

23. As a result of the defendants' actions, plaintiff WEBSTER sustained injuries, including a fracture of his right metacarpal and radius bones, and plaintiff BROOKS sustained injuries, including fracture of his fifth metacarpal bone in his right hand.

24. The defendant officers VALERIO, MOLINA, MAZZOCCHI, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

25. Defendant MAZZOCCHI supervised defendants VALERIO, MOLINA, and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the defendants' use of force against plaintiffs and the arrest and prosecution of plaintiff WEBSTER.

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

4

screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; improperly use excessive force; improperly abuse their authority to arrest individuals in an attempt to cover up their use of excessive force; and commit perjury, engage in falsification, and/or manufacture evidence to convict such individuals or to cover up acts of brutality and abuses of authority.

28. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS, members of a racial minority, of their rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER

6

BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants arrested plaintiff JOHN WEBSTER without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40. Defendants caused plaintiff JOHN WEBSTER to be falsely arrested and unlawfully imprisoned.

41. As a result of the foregoing, plaintiff JOHN WEBSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS' constitutional rights.

44. As a result of the aforementioned conduct of defendants, plaintiffs JOHN

WEBSTER and CHRISTOPHER BROOKS were subjected to excessive force and sustained physical and emotional injuries.

45.     As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants issued criminal process against plaintiff JOHN WEBSTER by causing his arrest and prosecution in Kings County Criminal Court.

48.     Defendants caused plaintiff JOHN WEBSTER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

49.     As a result of the foregoing, plaintiff JOHN WEBSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

52. The defendants failed to intervene to prevent the unlawful conduct described herein.

53. As a result of the foregoing, plaintiff WEBSTER'S liberty was restricted for an extended period of time, plaintiffs were put in fear of their safety, and plaintiffs were humiliated and subjected to excessive force.

54. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

57. As a result of the foregoing, plaintiff JOHN WEBSTER was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

58. As a result of the foregoing, plaintiff JOHN WEBSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The defendants subjected plaintiffs to excessive force and falsely arrested plaintiff WEBSTER because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

61. As a result of the foregoing, plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

62. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, improperly abusing their authority to arrest individuals in an attempt to cover up their use of excessive force; and committing perjury, engaging in falsification, and/or manufacturing evidence to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

70. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS were subjected to excessive force and plaintiff JOHN WEBSTER was unlawfully arrested and maliciously issued process.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from the failure to intervene;

    E. To be free from malicious abuse of process; and

    F. To receive equal protection under law.

75. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

76. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Within ninety (90) days after the claim herein accrued, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80. Plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS have complied with all conditions precedent to maintaining the instant action.

81. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

82. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants arrested plaintiff JOHN WEBSTER without probable cause.

84. Plaintiff JOHN WEBSTER was detained against his will for an extended period of time and subjected to physical restraints.

13

85. As a result of the aforementioned conduct, plaintiff JOHN WEBSTER was unlawfully imprisoned in violation of the laws of the State of New York.

86. As a result of the aforementioned conduct, plaintiff JOHN WEBSTER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87. As a result of the foregoing, plaintiff JOHN WEBSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

90. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants made offensive contact with plaintiffs without privilege or consent.

94. As a result of defendants' conduct, plaintiffs have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

96. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendants issued criminal process against plaintiff JOHN WEBSTER by causing him to be arrested, arraigned and prosecuted in criminal court.

98. Defendants caused plaintiff JOHN WEBSTER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

99. As a result of the foregoing, plaintiff JOHN WEBSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

105. As a result of the aforementioned conduct, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Upon information and belief, defendant CITY OF NEW YORK failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of excessive force against plaintiffs and the arrest and prosecution of plaintiff JOHN WEBSTER.

109. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

111. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the use of excessive force against plaintiffs and the arrest and prosecution of plaintiff JOHN WEBSTER.

113. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

117. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

120. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. As a result of defendants' conduct, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS were deprived of their right to equal protection of laws.

122. As a result of the foregoing, plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

123. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. As a result of defendants' conduct, plaintiff JOHN WEBSTER was deprived of his right to security against unreasonable searches, seizures, and interceptions.

125. As a result of the foregoing, plaintiff JOHN WEBSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 30, 2012

>LEVENTHAL & KLEIN, LLP
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>BRETT H. KLEIN (BK4744)
>
>Attorneys for Plaintiffs JOHN WEBSTER and CHRISTOPHER BROOKS